<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY PARISI, | : | |
| Plaintiff, | : | Civil No. 12-3109 (RMB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Defendant. | : | |

**APPEARANCES:**

Anthony Parisi, *Pro Se*
#44131
Cape May County Correctional Center
4 Moore Road
Cape May, NJ 08210

Paul A. Blaine
Office of the United States Attorney
Camden Federal Bldg & U.S. Courthouse
401 Market Street
Camden, NJ 08101

**BUMB, District Judge**

THIS MATTER comes before the Court on the motion of Defendant United States to dismiss the complaint for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Docket entry no. 3). This matter is being considered on the papers pursuant to Fed. R. Civ. P. 78.

1

Procedurally, this case was removed to this Court on May 24, 2012, and the instant motion was filed on June 6, 2012. Plaintiff has not responded to the motion, but instead sent a letter to Defendant's counsel informing that he had trouble responding to the motion because he was not permitted library time or phone use (docket entry 5). Because this Court finds that there is no subject matter jurisdiction to entertain this case, the Court will grant the motion. However, the dismissal of the case will be without prejudice, since Plaintiff has not had the opportunity to respond. If Plaintiff can cure the jurisdictional defects of his case in this Court, he may move to reopen this matter within forty-five days. If Plaintiff can cure the jurisdictional defects of his state court case, he may file the appropriate documentation in state court if he so chooses.

## BACKGROUND

Plaintiff filed this tort action in the Superior Court of New Jersey, Cumberland County, Small Claims Court on May 1, 2012. (Exhibit to Complaint, docket entry 1-2). The named defendant, Charles Haines, the Postmaster of Millville, New Jersey removed the case to this Court on May 24, 2012, pursuant to 28 U.S.C. §§ 1442(a)(1), 2679(d)(2) and 39 U.S.C. § 409(a). As the suit concerned Mr. Haines's official duties and employment with the United States Postal Service ("USPS"), the United States was substituted as

2

defendant by operation of law, pursuant to 28 U.S.C. §§ 2679(d)(1) and (4). (Docket entry 2).

Plaintiff's complaint asks for "personal injury or property damage" in the amount of $3000.00 damages with regard to a P.O. Box that he rented at the Millville Post Office. (Ex. to Compl., docket entry 1-2). Plaintiff argues that the box was "illegally" closed after Plaintiff failed to make his payment, which resulted in delay of his mail delivery, and that Postmaster Haines should have contacted the jail to make arrangements for payment for the box renewal. (*Id.*). Plaintiff admits in his Small Claims Court complaint that he did not pay for the box prior to the box being closed. He says: "I have made six attempts by mail to request it remain open and he would need to contact . . . so I could pay his stuff." (Ex. to Compl., docket entry 1-2).

Despite his inability to pay for the renewal fee, Haines informed Plaintiff that he could have his box and home mail forwarded to the Correctional Center upon completion of a form. Plaintiff completed the form and his mail from the box and his home address has been forwarded to the Cape May County Correctional Center ever since. (Motion, Declaration of Postmaster Haines ¶¶ 7-11, and Attachments C & D).

3

**DISCUSSION**

A.   <u>Standard on Motion to Dismiss</u>

When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of persuasion.  *See Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 191 n.4 (3d Cir. 2011) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). No presumption of truthfulness is accorded to the plaintiff's allegations.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). The court "must start by determining whether [it is] dealing with a facial or factual attack to jurisdiction. If [it] is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 509 (3d Cir. 2007). "If [it] is a factual attack, however, it is permissible for a court to review evidence outside the pleadings." *Id.* at 514. A judicial challenge is a factual challenge if "it concerns not an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites." *Id.*

4

Because the United States has not filed an answer, the Court has determined that the United States has not controverted Plaintiff's allegations and, therefore, considers the motion a facial attack on subject matter jurisdiction. While resolving the motion, the Court will accordingly only analyze the allegations contained in the complaint.  *See Common Cause of Pa. v. Pa.*, 558 F.3d 249, 257 (3d Cir. 2009); *see also Anthony v. Small Tube Mfg. Corp.*, No. 06-CV-4419, 2007 WL 2850609 at *5, *10 (E.D. Pa. Sept. 28, 2007). The Court, however, takes note of Defendant's alternative arguments in support of its motion to dismiss.

B.   Federal Tort Claims Act "FTCA"

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted).  Sovereign immunity, therefore, deprives courts of subject matter jurisdiction over actions against the United States unless a statute expressly waives such immunity. *See United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000) ("federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit"); *Perez v. United States*, No. 06-

5

1508, 2007 WL 1489816, at *1 (D.N.J. May 21, 2007)("Absent a specific waiver of sovereign immunity[,] the courts lack subject matter jurisdiction over claims against the federal government.").

The FTCA provides one such waiver to sovereign immunity. It contemplates that, in limited circumstances, a party may bring a claim against the United States in one of the federal district courts. *See* 28 U.S.C. § 1346(b)(1). Section 1346 of the FTCA states:

> the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred[.]

28 U.S.C. § 1346(b)(1)(emphasis added).  The FTCA does not, however, provide a waiver of sovereign immunity for claims brought against the United States in state courts.  For that reason, state courts lack jurisdiction over claims raised against the United States under the FTCA. *See Trico Development Assocs., Ltd. Partnership v. O.C.E.A.N., Inc.*, 2011 WL 4550203 at *3 (D.N.J. Sept. 29, 2011) (citing *Turturro v. Agusta Aerospace Corp.*, No. 10-2894, 2010 WL 3239199, at *2 (E.D. Pa. Aug. 13, 2010); *Scoratow v. Smith*, No. 08-1576, 2009 WL 890575, at *2 (W.D. Pa. Mar. 27, 2009)).

The Court, accordingly, determines that the Superior Court lacked subject matter jurisdiction over Plaintiff's Small Claims Complaint.  *See id.*

C.   The Doctrine of Derivative Jurisdiction

The doctrine of derivative jurisdiction stands for the proposition that "[t]he jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922); *see also Bradshaw v. Gen. Motors Corp.*, 805 F.2d 110, 112 (3d Cir. 1986) ("Long-standing authority holds that a removed case may not be adjudicated in a federal court if the state court did not have subject matter jurisdiction over the suit when it was initially filed there.").  Where "the state court was without jurisdiction over either the subject-matter or the United States, the District Court [cannot] acquire jurisdiction over them by the removal." *Lambert Run Coal Co.*, 258 U.S. at 382.

As the Third Circuit recently explained, "Although the doctrine of derivative jurisdiction has been abrogated for removals under the general removal statute, 28 U.S.C. § 1441, see 28 U.S.C. § 1441(f),

7

the doctrine arguably still applies to removals, . . . pertaining to federal officers, 28 U.S.C. § 1442." *Calhoun v. Murray*, 2012 WL 6622710 (3d Cir. Dec. 20, 2012)(citing *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011); *Palmer v. City Nat'l Bank*, 498 F.3d 236, 246 (4th Cir. 2007)). *See also Bender v. HUD*, 2010 WL 605741 at *1 n.2 (D.N.J. Feb. 19, 2010)(Bumb, J.) ("However, derivative jurisdiction has still been held to apply to cases that are removed pursuant to § 1442, a statute that allows removal where the United States or its agencies are named defendants.")

In this case, since Plaintiff's claims are personal injury claims against the United States and previously, against federal officers, and because the case clearly falls under 28 U.S.C. § 1442, the doctrine of derivative jurisdiction applies to the removal, and this Court lacks jurisdiction to entertain the complaint.[1]

---

[1] This Court notes that as Defendant points out, had Parisi named the United States Postal Service as a defendant and clearly stated a contract claim instead of a tort claim, this Court may have had jurisdiction under 39 U.S.C. § 401(1) and/or 28 U.S.C. § 1346(a)(2). Nonetheless, by Plaintiff's own allegations and the record provided by Defendant, Plaintiff had not paid for the rental fee of the box. Thus, the USPS was under no obligation to continue to provide the service when Plaintiff had not paid for such service.

CONCLUSION

For the foregoing reasons the motion to dismiss is granted. The case will be dismissed in accordance with the attached Order.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB, District Judge<br>
United States District Court

Dated: March 12, 2013

9